# Supreme Court of Florida

_____

No. SC2023-1170

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.535.**

November 7, 2024

PER CURIAM.

The Florida Bar's Rules of General Practice and Judicial Administration Committee has filed a report proposing amendments to Florida Rule of General Practice and Judicial Administration 2.535 (Court Reporting).[1]  The Committee approved the amendments by a vote of 16-9-0, and The Florida Bar's Board of Governors recommends their acceptance by a vote of 36-9-0.

Prior to filing its report with this Court, the Committee published a set of proposed amendments to rule 2.535 in *The Florida Bar News*.  The Committee received no comments, but it received a request from the Florida Court Reporters Association

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

(FCRA) and attorney Paul Regensdorf. Regensdorf and the FCRA asked the Committee to consider deleting subdivision (f)(9), which imposes a 200-page limitation on filed transcripts. The Committee then revised its proposal to delete subdivision (f)(9). However, the Committee made several other revisions that were not included in its previous draft. These changes included a proposed overhaul of the formatting rules for court reporter transcripts, with new requirements for fonts, spacing, pagination, and margins.

We published the Committee's revised proposal for comment and received one comment from the FCRA expressing opposition to the amendments. The Committee filed a response. After consideration of the Committee's report, the FCRA's comment, the Committee's response, and oral argument, we hereby adopt the amendments in part. However, we decline to adopt the proposed changes to the court reporter transcript formatting requirements at this time.

Specifically, subdivision (f) (Transcripts) is restructured so that related subject matter is addressed within newly renumbered subdivisions. Also, a reference to rule 2.525 (Electronic Filing) is deleted and replaced with a general reference to the requirements

set by the portal, and subdivision (f)(9) (the provision setting a 200-page limitation for transcripts) is deleted.

In addition to these changes, minor technical revisions are made throughout rule 2.535 to provide enhanced clarity and to conform the rule with our *Guidelines for Rules Submissions*.

Accordingly, the Florida Rules of General Practice and Judicial Administration are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

Hon. Santo DiGangi, Chair, Rules of General Practice and Judicial Administration Committee, West Palm Beach, Florida, Kristin A. Norse, Past Chair, Rules of General Practice and Judicial Administration Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Noel Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Alan Lawson, Jessica Slatten, and Jason Gonzalez of Lawson Huck Gonzalez, PLLC, on behalf of Florida Court Reporters Association, Inc., Tallahassee, Florida,

Responding with comments

**APPENDIX**

## RULE 2.535.　COURT REPORTING

**(a)　Definitions.**

(1) – (3)　[No Change]

(4)　"Court reporting" means the act of making a verbatim record of the spoken word, whether by the use of written symbols, stenomask equipment, stenographic equipment, or electronic devices, in any proceedings pending in any of the courts of this state, including all related discovery ~~proceedings conducted in connection therewith~~, any proceedings reported for the court's own use, and all proceedings required by statute to be reported by an approved court reporter or civil court reporter. It does not mean the act of taking witness statements not intended for use in court as substantive evidence.

(5) – (6)　[No Change]

**(b)　~~When~~ Court Reporting ~~Required~~in Proceedings Not Required to be Reported at Public Expense.** Any proceeding ~~shall~~that is not required to be reported at public expense may be reported on the request of any party. The requesting party ~~so requesting shall pay the reporting fees~~must engage and pay the fees of a court reporter, but this requirement ~~shall~~does not preclude the taxation of costs as authorized by law.

**(c)　Record.** When trial proceedings are being reported, no part of the proceedings ~~shall be~~is omitted unless all of the parties agree ~~to do so~~ and the court approves the agreement. When a deposition is being reported, no part of the proceedings ~~shall~~may be omitted unless all of the parties and the witness ~~so~~ agree. When a party or a witness seeks to terminate or suspend the taking of a deposition for the time necessary to seek a court order, the court reporter ~~shall~~must discontinue reporting the testimony of the witness.

**(d) Ownership of Records.** The chief judge of the circuit in which a proceeding is pending, in ~~his or her~~the chief judge's official capacity, is the owner of all records and electronic records made by an ~~official~~approved court reporter or quasi-judicial officer in proceedings required to be reported at public expense and proceedings reported for the court's own use.

**(e) Fees.** The chief judge ~~shall have~~has the discretion to adopt an administrative order establishing maximum fees for court reporting services. ~~Any such~~The order must make a specific factual finding that the setting of ~~such~~maximum fees is necessary to ensure access to the courts. ~~Such finding shall~~Findings must include consideration of the number of court reporters in the county or circuit, any past history of fee schedules, and any other relevant factors.

**(f) Transcripts.**

(1) Transcripts of all judicial proceedings~~, including~~ and depositions~~,~~ ~~shall~~must be uniform in and for all courts throughout the state and ~~shall~~must be stored in an electronic format sufficient to communicate the information contained in proceedings in a readable format, and capable of being transmitted electronically in Portable Document Format ("PDF")~~as set forth in rule 2.525~~ in compliance with all requirements set by the portal or other authorized electronic filing system. ~~Any transcripts stored in electronic form must be capable of being printed in accordance with this rule.~~

(2) The form~~, size, spacing, and method of printing transcripts are as follows~~ of all transcripts must conform to the following requirements:

(~~1~~A) ~~All proceedings shall be printed~~Transcripts must be printable on paper 8 1/2 inches by 11 inches in size~~ and bound on the left~~.

(~~2~~B) ~~There shall be~~Each page must contain no fewer than 25 printed lines ~~per page with all lines~~consecutively

- 6 -

numbered 1 through 25, respectively, and with no more than a double space between lines.

(3C) Font size or print shall be 9 or 10 pica, 12-point courier, or 12-point Times New Roman print with no less than 56 characters per line on questions and answers unless the text of the speaker ends short of marginal requirements.

(4D) Colloquy material shallmust begin on the same line following the identification of the speaker, with no more than 2 spaces between the identification of the speaker and the commencement of the colloquy. The identification of the speaker in colloquy shallmust begin no more than 10 spaces from the left margin, and carry-over colloquy shallmust be indented no more than 5 spaces from the left margin.

(5E) Each question and answer shallmust begin on a separate line no more than 5 spaces from the left margin with no more than 5 spaces from the "Q" or "A" to the text. Carry-over question and answer lines shallmust be brought to the left margin.

(6F) Quoted material shallmust begin no more than 10 spaces from the left margin with carry-over lines beginning no more than 10 spaces from the left margin.

(7G) Indentations of no more than 10 spaces may be used for paragraphs, and all spaces on a line as herein provided shallmust be used unless the text of the speaker ends short of marginal requirements.

(8H) One-line parentheticals may begin at any indentation. Parentheticals exceeding 1 line shallmust begin no more than 10 spaces from the left margin, with carry-over lines being returned to the left margin.

(9) Individual volumes of a transcript, including depositions, shall be no more than 200 pages in length, inclusive of the index.

(~~10~~3) Deviation from these standards ~~shall~~is not ~~constitute~~ grounds for limiting use of transcripts in ~~the trial or appellate~~ court~~s~~ proceedings.

**(g)** **Officers of the Court.** Approved court reporters, civil court reporters, and approved transcriptionists are officers of the court for all purposes while acting as court reporters in judicial proceedings or discovery proceedings or as transcriptionists. Approved court reporters, civil court reporters, and approved transcriptionists ~~shall~~must comply with all rules and statutes governing the proceeding that are applicable to court reporters and approved transcriptionists.

**(h)** **Court Reporting Services at Public Expense.**

(1) *When Reporting Is Required.* All proceedings required to be reported by law, court rule, or administrative order ~~to be reported shall be~~are reported at public expense.

(2) [No Change]

(3) *Circuit Plan.* The chief judge~~, after consultation with the circuit court and county court judges in the circuit,~~ ~~shall~~must enter an administrative order developing and implementing a circuit-wide plan for the court reporting of all proceedings required to be reported at public expense using either full or ~~part time~~part-time court employees or independent contractors after consultation with the circuit court and county court judges in the circuit. The plan ~~shall~~must ensure that all court-required reporting services are provided by approved court reporters or approved transcriptionists. This plan may provide for multiple service delivery strategies if they are necessary to ensure the efficient provision of court reporting services. Each circuit's plan for court reporting services ~~shall be~~is developed after consideration of guidelines issued by the Office of the State Courts Administrator.

(4) *Electronic Recording and Transcription of Proceedings Without Court Reporters.* A chief judge may enter and must have recorded a circuit-wide administrative order~~, which shall be recorded,~~ authorizing the electronic recording and subsequent

- 8 -

transcription by approved court reporters or approved transcriptionists, of any judicial proceedings, including depositions, that are otherwise required to be reported by a court reporter. Appropriate procedures ~~shall be~~ prescribed in the order ~~which shall~~must include:

(A)     ~~set forth~~ responsibilities for the court's support personnel to ensure a reliable record of the proceedings;

(B)     ~~provide~~ a means to have the recording transcribed by approved court reporters or approved transcriptionists, either in whole or in part, when necessary for an appeal or for further use in the trial court; and

(C)     ~~provide for~~ the safekeeping of ~~such~~the recordings.

(5)     *Safeguarding Confidential Communications When Electronic Recording Equipment Is Used in the Courtroom.*

(A)     Court personnel ~~shall~~must provide notice to participants in a courtroom proceeding that electronic recording equipment is in use and ~~that they~~the participants should safeguard information they do not want recorded.

(B)     Attorneys ~~shall~~must take all reasonable and available precautions to protect disclosure of confidential communications in the courtroom. ~~Such precautions~~Precautions ~~may~~ include muting microphones or going to a designated location that is inaccessible to the recording equipment.

(C)     [No Change]

(6)     *Grand Jury Proceedings.* Testimony in grand jury proceedings ~~shall~~must be reported by an approved court reporter, but ~~shall~~ cannot be transcribed unless required by ~~order of~~ court order. Other parts of grand jury proceedings, including deliberations and voting, ~~shall~~must not be reported. The approved court reporter's work product, including stenographic notes,

electronic recordings, and transcripts, ~~shall be~~are filed with the clerk of the court under seal.

**(i)  Court Reporting Services in Capital Cases.** The chief judge~~, after consultation with the circuit court judges in the circuit,~~ ~~shall enter~~ enters an administrative order developing and implementing a circuit-wide plan for court reporting in all trials in which the state seeks the death penalty and in capital postconviction proceedings after consultation with the circuit court judges in the circuit. The plan ~~shall~~must prohibit the use of digital court reporting as the court reporting system and ~~shall~~ require the use of all measures necessary to expedite the preparation of the transcript~~,~~ including~~,~~ but not limited to, the:

(1)  ~~where available, the~~ use of an approved court reporter who has the capacity to provide real-time transcription of the proceedings, if available;

(2)  ~~if real-time transcription services are not available,~~ ~~the~~ use of a computer-aided transcription qualified court reporter if real-time transcription services are not available;

(3)  ~~the~~ use of scopists, text editors, alternating court reporters, or other means to expedite the finalization of the certified transcript; and

(4)  ~~the~~ imposition of reasonable restrictions on work assignments by employee or contract approved court reporters to ensure that transcript production in capital cases is given a priority.

**(j)  Juvenile Dependency and Termination of Parental Rights Cases.** Transcription of hearings for appeals of orders in juvenile dependency and termination of parental rights cases ~~shall be~~are given priority, consistent with rule 2.215(g), over transcription of all other proceedings, unless otherwise ordered by the court based upon a demonstrated exigency.

**Committee Note**

The definitions of "electronic record" in subdivision (a)(5) and of "official record" in subdivision (a)(6) are intended to clarify that when a court proceeding is electronically recorded by means of audio, analog, digital, or video equipment, and is also recorded via a written transcript prepared by a court reporter, the written transcript ~~shall be~~is the "official record" of the proceeding to the exclusion of all electronic records. While the term "record" is used within Rule 2.535 and within Fla. R. App. P. 9.200, it has a different meaning within the unique context of each rule. Accordingly, the meaning of the term "record" as defined for purposes of this rule does not in any way alter, amend, change, or conflict with the meaning of the term "record" as defined for appellate purposes in Fla. R. App. P. 9.200(a).